IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY STRONG     PETITIONER

V.     NO. 1:16-CV-235-DMB-RP

UNITED STATES     RESPONDENT

## ORDER OF DISMISSAL

This pro se prisoner action is before the Court for *sua sponte* consideration of jurisdiction.

### I
### Factual and Procedural History

On May 25, 2016, Anthony Strong was indicted on a federal charge of being a felon in possession of a firearm. *See United States v. Strong*, No. 1:16-cr-52-NBB-DAS (N.D. Miss.) ("*Strong*").[1] At his initial appearance on September 21, 2016, Strong was temporarily detained pending a detention hearing.[2] The next day, Strong waived a detention hearing but reserved the right for a hearing at a later date.[3]

On August 3, 2016, Strong was indicted in the Monroe County Circuit Court on charges of aggravated assault and being a felon in possession of a firearm. Doc. #13-1; Doc. #13-2. Strong was arraigned on the state charges in November 2016. Doc. #13-2.

On December 7, 2016, Strong filed a petition for a writ of habeas corpus in this Court challenging his pretrial detention on the state charges and seeking dismissal of those charges. Doc. #1. Strong's petition names Strong as "Plaintiff" and the United States as "Defendant." *Id*.

---

[1] The Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co*., 425 F.2d 1295, 1296 (5th Cir. 1970).

[2] *Strong*, at Doc. #6.

[3] *Strong*, at Doc. #7.

at 1. On January 31, 2017, Billie Sollie,[4] construing Strong's habeas petition under 28 U.S.C. § 2241, moved to dismiss the petition, arguing dismissal is an improper remedy for challenging pretrial detention absent special circumstances. Doc. #13. Strong did not respond to the motion.

On January 18, 2017, Strong pled guilty to the federal charge of being a felon in possession of a firearm.[5] After his sentencing hearing on May 22, 2017, Strong was remanded to the custody of the United States Marshal.[6] On June 23, 2017, Strong, who pled guilty to the state charges, was sentenced by the state court and then returned to federal custody.[7]

## II
## Jurisdiction

In order for a federal court to retain jurisdiction over a habeas petition, "the petitioner must demonstrate … that he continues to present a case or controversy …." *Zalawadia v. Ashcroft*, 371 F.3d 292 (2004). Of relevance here, "claims for federal habeas relief for pretrial issues are mooted" once a petitioner is convicted. *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993); *see Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988).

Strong's petition seeks dismissal of state charges which, as a result of his guilty plea and sentencing, are no longer pending.[8] Thus, his petition is now moot. With no remaining controversy, the Court is deprived of jurisdiction. *Jackson v. Clements*, 796 F.3d 841, 843 (7th

---

[4] The motion to dismiss lists Billie Sollie as "Respondent" in the caption and was filed by the Attorney General of Mississippi.

[5] *Strong*, at Doc. #32, Doc. #34.

[6] *Strong*, at Doc. #45.

[7] The Court takes judicial notice of the docket in the state criminal action against Strong. *Landry v. Lynaugh*, 844 F.2d 1122, 1124 n.8 (5th Cir. 1988) (taking judicial notice of state court trial records).

[8] 28 U.S.C. § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)); 28 U.S.C. § 2254(a) (federal courts "shall entertain an application for a writ of habeas corpus [from one] in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."). Because Strong has not collaterally attacked his state court conviction, the Court cannot construe his petition under § 2254.

Cir. 2015) (once pre-trial confinement became mooted by petitioner's conviction, court was deprived of jurisdiction because no actual, ongoing controversy existed).

## III
## Conclusion

For the reasons above, Strong's petition is **DISMISSED as moot** for lack of jurisdiction.[9] Accordingly, Billie Sollie's motion to dismiss [13] is **DENIED as moot.** The Clerk of the Court is **DIRECTED** to close this case.

**SO ORDERED**, this 26th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] Strong may file a federal habeas petition under 28 U.S.C. § 2254 only after exhausting all available state remedies.